# Harden v. The State.

*Prosecution for Gaming.*

1. *Warrant of arrest; by whom issued.*—Under the provisions of the act establishing the Criminal Court of Pike county, as under the statute regulating proceedings in the County Court (Sess. Acts 1888-89, p. 631, § 3; Code, § 4204), a warrant of arrest, returnable before that court, may be issued by a justice of the peace.

2. *Ruling on motion for new trial in criminal case; not reviewable.*—This court has no jurisdiction to review rulings on motions for new trials in criminal cases.

3. *Confession; when will not authorize a conviction.*—A mere confession will not authorize a conviction, unless, independent of the confession, the evidence is sufficient to authorize the conclusion beyond a reasonable doubt that the offense has been committed.

APPEAL from the Criminal Court of Pike.
Tried before the Hon. WILLIAM H. PARKS.

D. A. BAKER, for appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of gaming on Sunday. The defendant moved to arrest the judgment, upon the ground that the prosecution was commenced upon affidavit made and warrant issued by a justice of the peace, returnable to the Criminal Court of Pike county. The statutes authorize it, and.the question has been adjudicated.— *Walker v. The State*, 89 Ala. 74.

This court has no jurisdiction to review motions for new trials in criminal cases. If the defendant had requested the court in writing to give the affirmative charge and it had been refused, the refusal would have been error. The testimony in the record is insufficient to show the *corpus*, that there were probable grounds for believing the fact that the offense had been committed. A mere confession will not authorize a conviction, unless, independent of the confession, the evidence is sufficient to authorize the conclusion beyond a reasonable doubt

that the offense has been committed. In the condition of the record, the defendant must apply to the executive department for relief.

Affirmed.