# Granison *v.* The State.

*Indictment for Arson.*

1. *Arson; sufficiency of indictment; failure to allege ownership of property in store.*—Where a defendant is charged with arson in the burning of a store, the degree of the arson is determinable by the value of the store and the property therein contained, but it is not necessary for the indictment to aver the ownership of the property contained in the store; and an indictment, which charges the defendant with having willfully set fire to or burned the store of a certain named person, which, with the property therein contained at the time, was of the value of five hundred dollars, charges arson in the second degree; and is not subject to demurrer for its failure to allege the ownership of the property contained in the store at the time of the fire.

2. *Same; corpus delicti; when sufficiently proven for the admission of confession.*—Where, on a trial under an indictment for arson, there is sufficient evidence introduced to require the question as to whether the house was burned by accident or design, to be submitted to the jury, the *corpus delicti* is sufficiently proven for the admission in evidence of a confession, express or implied, of the defendant; a proper predicate for the admission of such evidence being laid.

3. *Same; within the discretion of the court to allow State to introduce evidence of value, after defendant closed his evidence.*—Where, during a trial under an indictment for arson, the State had introduced evidence tending to show the value of the store alleged to have been burned and its contents, and after the defendant had introduced testimony for the same purpose and had closed his evidence, it is within the discretion of the trial court to allow additional evidence of the value of the property to be introduced by the State, and the exercise of this discretion is not revisable by the appellate court.

4. *Argumentative and abstract charges* requested by the defendant in criminal cases are properly refused.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Mose Rodgers, alias Moses Rodgers, Page Granison and Tom Grimes, alias Thomas Grimes, did willfully set fire to or burn the store of Henry Gray, which, with the property therein contained at the time, was of the value of five hundred dollars."

There was a severance as to the appellant, and he demurred to the indictment upon the ground that it fails to allege the ownership of the property contained in the store alleged to have been set fire to or burned. This demurrer was overruled, and the defendant duly excepted.

Upon the trial of the cause, Henry Gray, a witness for the State, testified that his storehouse in Wilcox county was burned on the night of January 6, 1896, between the hours of 10 and 11 o'clock; that he left the store about half past nine that night and that at that time there was no fire in the stove in the store, and there was no lamp burning; that he carried a large stock of merchandise in the store; that the storehouse, at the time it was burned, was worth about $100, and the stock of goods in the store at the time was worth about $625. This witness testified also to the discovery of tracks leading to and from the back of the storehouse, and that some of the tracks discovered by him corresponded to the tracks of the defendant.

Two witnesses for the State testified that the morning after the defendant and two other persons who were indicted with him were placed in jail charged with arson for the burning of Henry Gray's store, Mose Rodgers said in the presence and hearing of the defendant that he, the defendant and Tom Grimes burned the store. The defendant moved to exclude this testimony, upon the ground that it was irrelevant, misleading and immaterial, and that the *corpus delicti* had not been established. The court overruled this motion, allowed the evidence to go to the jury, and the defendant duly excepted.

The defendant introduced several witnesses, whose testimony tended to show that the value of the storehouse at the time it was burned, was worth $40 or $50, and that the stock of goods contained in the store was not worth more than $250 or $300. There were several witnesses introduced for the defendant who testified that his general character in the community where he lived was good.

After the introduction of all his evidence by the defendant, the State introduced other witnesses, who testified that the value of the storehouse at the time it was burned was worth $75 or $100, and that the stock of

[Granison v. The State.]

goods was worth between $500 and $600. The defendant objected to the introduction of these witnesses, and moved to exclude their testimony, upon the ground that it was not in rebuttal. The court overruled the objection and motion, and to each of these rulings the defendant separately excepted. The court in its general charge to the jury, instructed them as follows: "That they could not convict the defendant of arson in the third degree under this indictment; that they must either find the defendant guilty as charged in the indictment, or they must acquit the defendant." The defendant separately excepted to this portion of the court's general charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "The court charges the jury that they can look to the evidence for a motive as to why the defendant would commit the crime charged in the case, and if the evidence discloses no motive, the jury can look at this circumstance as indicating the innocence of the defendant." (2.) "The court charges the jury that silence by a prisoner, when accused out of court with crime, is a circumstance to which the jury may look; and that such silence is often a circumstance, the meaning of which may be wholly misunderstood, and such silence ought, therefore, always to be questioned very carefully, if not distrustingly by the jury." (3.) "The court charges the jury that if they believe beyond a reasonable doubt, from the evidence, that defendant is guilty of burning the property, and do believe beyond a reasonable doubt that the store and its contents, at the time, was worth less than $500, then they may find the defendant guilty of arson in the third degree."

MILLER & BONNER, for appellant, cited Code of 1886, § 3781; *Winslow v. State*, 76 Ala. 42; *Campbell v. State*, 55 Ala. 80.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Stone v. State*, 105 Ala. 60; *James v. State*, 104 Ala. 20.

HEAD, J.—The indictment charges arson—the burning of a store, not the burning of the property therein

[Granison v. The State.]

contained. The degree of the arson is determinable, it is true, by the value of the store and the property therein contained, but the offense is the burning of the store. If both be of the value of $500 or more, it is arson in the second degree, if the store be burned under circumstances constituting arson, although not an article of the property contained therein be burned. So, the injury constituting the offense is to the store, and its ownership only need be alleged.

There was sufficient evidence to carry to the jury the question whether the house was burned by accident or design—therefore sufficient evidence of the *corpus delicti* to let in a confession, express or implied, of the defendant. The implied confession testified to by the witnesses, Andrew Dale and Ed Welsh, was properly admitted.

It was within the discretion of the court to allow additional evidence of the value of the property, after the defendant closed his evidence—a discretion not revisable here.

Charges 1 and 2 requested by defendant were argumentative, and charge 3 was abstract.

The oral charge excepted to was proper under the evidence.

Affirmed.

