[Calvert v. The State.]

# Calvert *v.* The State.

### *Violating Prohibition Law.*

(Decided Jan. 13, 1910.—51 South. 311.)

*Evidence; Confessions; Corpus Delicti.*—Where the defendant was charged with the wrongful sale of whisky, evidence that when a witness returned to his house in the evening he found defendant and others there with some whisky, is not sufficient proof of the corpus delicti to render admissible defendant's confession concerning same.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

John P. Calvert was convicted of violating the prohibition law, and he appeals. Reversed and rendered.

THOMAS B. RUSSELL, for appellant. The evidence of a sale was not sufficient to authorize the confession of the defendant to be introduced and the defendant was entitled to the affirmative charge.—*Davis v. The State,* 141 Ala. 66; *Harden v. The State,* 109 Ala. 50; *Winslow v. The State,* 76 Ala. 47; *Vaughan v. The State,* 30 South. 673.

ALEXANDER M. GARBER, Attorney General, for the State.—The evidence was sufficient to authorize the introduction of the confession.—*Ryan v. The State,* 100 Ala. 94.; *Winslow v. The State,* 76 Ala. 42. It follows, therefore, the court did not err in refusing the affirmative charge.

SAYRE, J.—Prosecution for selling whisky in the year 1908. Defendant was apprehended at the house of one James Mickens. The developments of that occasion were made the basis of this prosecution. Three or four

[Calvert v. The State.]

other negroes were present, and in the room were two empty jugs and several bottles of whisky.  Proprietor Mickens testified that he had gone away earlier in the night, and that upon his return he found the negroes and the whisky in his house, where neither they nor it had been left.  Upon the evidence of these facts, without more, as a predicate in the way of proof of the corpus deliciti of the offense charged, proof of an extrajudicial confession was admitted, and the appellant was convicted, all over his objection, made known in various ways and here renewed.

In *Harden v. The State,* 109 Ala. 50, 19 South. 494, the defendant was tried on a charge of misdemeanor. This court ruled that a mere confession would not authorize a conviction, unless, independent of the confession, the evidence was sufficient to authorize the conclusion beyond a reasonable doubt that the offense had been committed, and that in the absence of such proof the defendant was entitled to the affirmative charge. An application of that rule to this case must result in a reversal of the judgment of conviction, and an order that the appellant be discharged.

Reversed and rendered.

Dowdell, C. J., and Anderson and Evans, JJ., concur.