(82 South. 660)

SWOPE v. STATE. (8 Div. 670.)

(Court of Appeals of Alabama. June 30, 1919.)

1. CRIMINAL LAW ⬤═➔448(2) — EVIDENCE — QUESTION CALLING FOR CONCLUSION.

Question by defendant's counsel to a state's witness on cross-examination "You were rewarded for all that by being turned loose without a bond, weren't you?" held objectionable as calling for a conclusion.

2. CRIMINAL LAW ⬤═➔448(2)—CONCLUSIONS—ARGUMENTATIVE QUESTION.

In larceny prosecution, question by defendant's counsel to a state's witness during cross-examination "Couldn't he have gotten it somewhere else?" held to call for conclusion of witness and to be argumentative.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Isaiah Swope was convicted of grand larceny, and he appeals. The Attorney General makes a motion to dismiss the appeal on the ground that the transcript was not filed in time. Motion denied. Judgment reversed and cause remanded.

Wert & Lynne and Wert & Hutson, all of Decatur, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

SAMFORD, J. In view of the opinion and decision in Campbell v. State, 182 Ala. 20, 22, 24, 62 South. 57, we think the motion to dismiss the appeal should be denied.

After a careful examination of the evidence, we are of the opinion that there was not sufficient evidence to submit the case to the jury on the question of the corpus delicti. For aught that appears, the goods alleged to have been stolen may have been removed from the box and compress by persons having authority to do so. The affirmative charge as requested by the defendant should have been given. The rule is stated in Braxton v. State, ante, p. 167, 82 South. 657.

[1] On cross-examination of a state's witness, defendant's counsel asked this question: "You were rewarded for all that by being turned loose without a bond, weren't you?" This question was objectionable, in that it called for the conclusion of the witness.

Defendant objected to the question propounded to a state's witness as follows: "Did he have that same piece of goods?" The objection was overruled, but no exception to the ruling is shown in the record.

[2] Defendant's counsel on cross-examination asked this witness: "Couldn't he have gotten it somewhere else?" This question called for the conclusion of the witness, and was argumentative.

The foregoing are all the questions presented in brief of appellant and insisted on by them, but we have examined the various charges refused to the defendant and do not find that the trial court committed error in their refusal.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.