(82 South. 657)

BRAXTON v. STATE. (4 Div. 597.)

(Court of Appeals of Alabama. June 30, 1919.)

**1.** CRIMINAL LAW ⊖696(9)—TRIAL—MOTION TO EXCLUDE PART OF ANSWER—RULING OF COURT.

Court's statement "Leave out what he said," in response to motion to exclude part of answer as not response and as hearsay, was not a proper ruling on the motion.

**2.** CRIMINAL LAW ⊖1168(5)—HARMLESS ERROR—INACCURATE RULING ON MOTION.

Court's failure to make proper ruling on motion to exclude part of answer of witness will not be considered on appeal, where defendant, at the time, appeared satisfied with court's direction to "leave out what he said," and raised no objection and reserved no exception to such form of ruling, and where court evidently treated the objectionable part of answer as excluded by such ruling.

**3.** INTOXICATING LIQUORS ⊖238(2)—CRIMINAL PROSECUTIONS—JURY QUESTION.

In prosecution for violating prohibition law, by selling or otherwise disposing of bottle of whisky to certain person, evidence that witness had visited defendant with such person, who had produced bottle of whisky after the two had left defendant and gone about quarter of mile from her house, held insufficient for submission to jury of whether liquor had been received from defendant, where witness did not know but what such person had liquor before going to defendant's house.

**4.** CRIMINAL LAW ⊖563—EVIDENCE—SUFFICIENCY—CORPUS DELICTI.

Corpus delicti, like any other fact, may be established by circumstantial evidence.

**5.** CRIMINAL LAW ⊖741(1) — TRIAL—JURY QUESTION — CORPUS DELICTI — WEIGHT OF EVIDENCE.

When a chain of circumstances, tending to establish the corpus delicti, has been proven to such an extent as to make it appear prima facie, the weight and sufficiency of the entire evidence is for the jury; but question as to whether corpus delicti has been established is for the court.

**6.** CRIMINAL LAW ⊖409—INCULPATORY ADMISSIONS — PRESUMPTIONS AS TO ADMISSIBILITY.

Inculpatory admissions in the nature of a confession, directly relating to the fact or circumstances of the crime and connecting the defendant therewith, are subject to the same rules of admissibility as direct confessions, and are therefore prima facie involuntary and inadmissible.

**7.** CRIMINAL LAW ⊖409—EVIDENCE—INCULPATORY ADMISSION—VIOLATION OF PROHIBITION ACT.

If defendant, accused of violating prohibition law by selling liquor to F., stood mute while charge was being made in her presence and hearing that "she sold the whisky to F.," it was an inculpatory admission, in nature of a confession directly relating to the facts and circumstances of the crime, and was therefore prima facie involuntary and inadmissible.

**8.** CRIMINAL LAW ⊖409—EVIDENCE—DUTY OF COURT—INCULPATORY ADMISSIONS.

It was court's duty to ascertain whether inculpatory admission was freely and voluntarily made.

**9.** CRIMINAL LAW ⊖1144(12) — APPEAL — PRESUMPTIONS—RECEPTION OF EVIDENCE AS TO ADMISSIONS.

It will be presumed on appeal, in absence of affirmative showing in record to the contrary, that trial court performed duty of ascertaining whether inculpatory admission was freely and voluntarily made.

**10.** CRIMINAL LAW ⊖407(2) — EVIDENCE—DECLARATIONS IN PRESENCE OF ACCUSED.

The rule allowing the silence of a person being charged with guilt to be taken as an admission of the statement made in his presence is based upon the assumption that the party is at liberty to speak, and that the circumstances are such as to call upon him for a reply.

**11.** CRIMINAL LAW ⊖409—EVIDENCE — ADMISSIONS—SILENCE IN HEARING OF ACCUSATION.

Evidence of defendant's silence on being charged with crime should be admitted with great caution, and only when it is made to appear clearly to the court that the charge was made definitely, was understood by defendant, and that silence was voluntary and not under duress.

**12.** HUSBAND AND WIFE ⊖108 — COERCION OF HUSBAND—COMMON-LAW DOCTRINE.

Common-law doctrine that wife was under the protection, influence, power, and authority of husband, and that she is presumed, while in his presence, to have acted in obedience to his will or under his coercion, has not been changed by statutes relative to married women and their property rights.

13. CRIMINAL LAW &=407(1)—EVIDENCE—SILENCE FOLLOWING ACCUSATION — HUSBAND'S DOMINATION OF WIFE.

Wife's silence during husband's charge in her presence that she has committed crime cannot be taken as an admission against her; she being under husband's domination at time he made charge.

14. CRIMINAL LAW &=409, 532(1)—CONFESSIONS—INCULPATORY ADMISSIONS—PRELIMINARY PROOF—CORPUS DELICTI.

The corpus delicti must be established to the satisfaction of the court by evidence, prima facie, as a predicate for the introduction of evidence of a confession, or of inculpatory admissions directly connecting defendant with the crime charged.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Emily Braxton was convicted of violating the prohibition law, and she appeals. Reversed and remanded.

Lee & Tompkins, of Dothan, for appellant. J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. [1, 2] The indictment in this case charged that the defendant sold, offered for sale, or otherwise disposed of, spirituous, vinous, or malt liquors, contrary to law. On the trial a witness for the state was asked the question: "Well, did you get anything, either of you, over there?" Motion was made by the defendant to exclude that part of the answer to this question, "He said he got some whisky," on the grounds that it was not responsive and was hearsay. To this motion the court responded: "Leave out what he said." While this was not a proper ruling on the motion, the defendant raised no objection to it and no exception was reserved. The court evidently treated that part of the answer as excluded, the defendant appeared satisfied with the ruling, and nothing is presented here for review.

The one and controlling question in this case is whether the evidence offered by the state to establish the corpus delicti was sufficient to establish, prima facie, that fact, as a predicate for the admission of inculpatory admissions of the defendant directly connecting her with the commission of the offense charged. On this question the only facts testified to were that one Dickens (the witness) and a man by the name of Fountain (who was not examined) went to the defendant's home, where she was living with her husband, the husband being absent and no one else being present during the visit but themselves and the defendant; that after Dickens and Fountain had left the house and gone about one-quarter of a mile Fountain produced from his pocket a small bottle of rum or whisky. The witness Dickens testified that he did not see Fountain get any rum at

defendant's house; that he did not know whether Fountain had the rum before going to the house; that he and Fountain had stopped at two or three other places that day; that they met another party before going to defendant's house, who gave them some rum. The inculpatory admissions admitted in evidence over the timely objections and exceptions of the defendant, were that several days after the visit of Dickens and Fountain to defendant's house two witnesses went to defendant's house and had a conversation with defendant's husband, in the presence and hearing of defendant, in which conversation defendant's husband first said he had sold the whisky to Fountain and then said no, his wife had sold him a half-pint of whisky, and that the defendant made no denial to either statement, but stood mute.

[3] The corpus delicti in this case was the sale, giving, or other disposition of a small bottle of whisky to one Fountain. The facts offered to support this were entirely circumstantial, and but for the admissions consisted of the sole fact that after Dickens and Fountain had been to defendant's house, and had gotten about a quarter of a mile away, Fountain produced from his pocket a small bottle containing rum or whisky; non constat he had the whisky when he went to defendant's house and the defendant had none, nor sold him any. This fact, standing alone, was entirely insufficient to warrant the submission of the question to the jury. Johnson v. State, 13 Ala. App. 193, 68 South. 687; Jeffries v. State, 7 Ala. App. 144, 62 South. 270; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Thomas v. State, 109 Ala. 25, 19 South. 403; Orr v. State, 107 Ala. 35, 18 South. 142; Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762.

[4, 5] It is undoubtedly true that the corpus delicti, like any other fact, may be established by circumstantial evidence, and when a chain of circumstances, tending to establish the corpus delicti, has been proven to such an extent as to make it appear prima facie, the weight and sufficiency of the entire evidence is for the jury to determine. But as to whether a prima facie case as to the corpus delicti has been established is a question for the court. Granison v. State, 117 Ala. 22, 23 South. 146; Tompkins v. State, 32 Ala. 569.

That brings us to a consideration of the implied admissions of the defendant. The only theory upon which this evidence could be admissible is that the silence of defendant was an implied inculpatory admission.

[6] The rule in this state is a modification of the general rule as laid down in 1 Greenl. Ev. pp. 346, 347; 12 Cyc. 419; and is thus stated:

"Inculpatory admissions in the nature of a confession, that is, directly relating to the fact

or circumstances of the crime and connecting the defendant therewith, are subject to the same rules of admissibility as direct confessions, and are therefore prima facie involuntary and inadmissible." McGehee v. State, 171 Ala. 19, 22, 55 South. 159; Wilson v. State, 84 Ala. 426, 4 South. 383; Shelton v. State, 144 Ala. 106, 42 South. 30; Wright v. State, 3 Ala. App. 24, 58 South. 68.

[7-9] If, therefore, the charge was made, in the presence and hearing of the defendant, that "She sold the whisky to Fountain," and she stood mute, it was an inculpatory admission, in the nature of a confession, directly relating to the facts and circumstances of the crime, and was therefore prima facie involuntary and inadmissible. But it was the duty of the trial court to ascertain that this admission was freely and voluntarily made, and on appeal it will be presumed that the trial court performed this duty before the admissions were admitted in evidence, unless the record affirmatively shows that the court did not do so. Whatley v. State, 144 Ala. 68, 39 South. 1014; Price v. State, 117 Ala. 113, 23 South. 691; Gilmore v. State, 126 Ala. 20, 28 South. 595; Cauley v. State, 14 Ala. App. 133, 72 South. 271.

[10, 11] In this case, the fact that the charge of guilt was made by the defendant's husband, as shown by the record, meets this requirement. The rule allowing the silence of a person being charged with guilt to be taken as an admission of the statement made in his presence is based upon the assumption that the party is at liberty to speak, and that the circumstances are such as to call upon him for a reply. Such evidence should always be admitted with great caution, and only then when it is made to appear clearly to the court that the charge was made definitely, was understood by the defendant, was voluntary and not under duress.

[12] The doctrine of the common law was that the wife was under the protection, influence, power, and authority of the husband, and that he was at the head of the household. Under this doctrine the wife was excused from punishment for many crimes committed by her in the presence of her husband, on the ground that she acted under his compulsion (Strouse v. Leipf, 101 Ala. 433, 14 South. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122), and a misdemeanor committed by a married woman in the presence of her husband is presumed to be his act, because the law raises the presumption that she acts in obedience to his will or under his coercion (Strouse v. Liepf, supra). These rules of the common law are adapted to and are necessary for the well-being of society, and the various statutes of this state relative to married women and their rights to property do not change this rule.

[13] Under the facts in this case, the defendant being under the domination of the husband at the time he made the charge, her silence cannot be taken as an admission against her.

[14] This being determinative of the question of a reversal, this opinion might well end here, but as the case is to be reversed, one other question should be decided. The undenied statement, being an implied inculpatory admission of the defendant, was not competent until the corpus delicti had been proven; the rule being that the corpus delicti must be established to the satisfaction of the court by evidence, prima facie, as a predicate for the introduction of evidence of a confession or of inculpatory admissions directly connecting the defendant with the offense charged, the sufficiency of the proof on the question of guilt being for the jury. Davis v. State, 141 Ala. 62, 37 South. 676; McGehee v. State, 171 Ala. 19, 55 South. 159; Granison v. State, 117 Ala. 22, 23 South. 146; Daniels v. State, 12 Ala. App. 119, 68 South. 499; Smith v. State, 133 Ala. 150, 31 South. 806, 91 Am. St. Rep. 21; Winslow v. State, 76 Ala. 42. In Harden v. State, 109 Ala. 50, 19 South. 494, in a dictum, the Supreme Court said:

"A mere confession will not authorize a conviction, unless, independent of the confession, the evidence is sufficient to authorize the conclusion beyond a reasonable doubt that the offense has been committed."

And this dictum was carried into the opinions in the cases of Calvert v. State, 165 Ala. 99, 51 South. 311, and Johnson v. State, 13 Ala. App. 196, 68 South. 687; Patterson v. State, 79 South. 459.[1] But these cases do not appear to hold that this rule should apply to the court in passing upon the evidence establishing the corpus delicti as a predicate for the introduction of evidence of a confession. If they do, they are in conflict with many other decisions of this and other states, which we think announce the true rule as above set out.

For the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.

BROWN, P. J., concurs in the conclusion.

[1] 202 Ala. 65.