(102 So. 919)

Giles BARKER v. STATE. (7 Div. 74.) (Court of Appeals of Alabama. Jan. 20, 1925.) Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

BRICKEN, P. J. The offense charged against this defendant was violating the prohibition laws of the state. The prosecution originated in the county court, and from a judgment of conviction in said court he took an appeal to the circuit court. He was there tried by the court, without a jury, and was again convicted, and appealed. There is no bill of exceptions. The record proper is regular; therefore the judgment of conviction rendered in the circuit court against this appellant will stand affirmed. Affirmed.

(101 So. 922)

Tom BASS v. STATE. (4 Div. 37.) (Court of Appeals of Alabama. Nov. 11, 1924.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Grand larceny.

SAMFORD, J. Appeal dismissed.

(100 So. 923)

E. W. BEASON v. TOWN OF HEFLIN. (7 Div. 51.) (Court of Appeals of Alabama. June 10, 1924.) Appeal from Circuit Court, Cleburne County; S. W. Tate, Judge. E. W. Beason was convicted of violating an ordinance of the Town of Heflin, and appeals. Affirmed.

Merrill & Jones, of Heflin, for appellee.

No brief reached the Reporter.

BRICKEN, P. J. This appellant was convicted in the mayor's court of the town of Heflin for a violation of the prohibition ordinances of said town. The record shows that appellant interposed a plea of guilty as charged in the mayor's court, but, notwithstanding said plea, he took an appeal to the circuit court, and was there tried for the same offense upon complaint filed by the attorneys for the town of Heflin. The trial in the circuit court was before a jury. He was again convicted, from which judgment this appeal was taken. There are no assignments of error, and the cause is here submitted upon motion to affirm. The motion is granted, and the judgment appealed from is affirmed. Affirmed.

(103 So. 921)

BELL v. STATE. (7 Div. 70.) (Court of Appeals of Alabama. March 24, 1925.) Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge. Rufus Bell, alias Doll Bell, was convicted of embezzlement, and he appeals. Reversed and remanded.

Hugh Walker, of Anniston, for appellant.

Before one charged with crime may be convicted upon his confession, the corpus delicti must be proven by testimony independent of the confession. 12 Cyc. 483; Hunt v. State, 135 Ala. 1, 33 So. 329; Harden v. State, 109 Ala. 50, 19 So. 494; Johnson v. State, 59 Ala. 37; Matthews v. State, 55 Ala. 188.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was indicted for the offense of embezzling money to the amount of $138; the indictment alleging that the defendant was an agent of the Mosaic Templars of America, a corporation under the laws of the state of Arkansas, and that the funds embezzled came into his possession by virtue of his employment as such agent. The evidence in the case failed to show in any manner the agency as alleged. The proof went no further than that defendant was secretary of Forman Light Lodge, No. 3717, Mosaic Templars of America, at Choccolocco, Ala., a subordinate lodge of the Mosaic Templars of America, a corporation under the laws of the state of Arkansas, and that, as such secretary, certain amounts were paid to him by the members of the lodge or order. This, in our opinion, was insufficient to support a verdict under the indictment as laid. Neither was there the slightest proof of any shortage in the funds intrusted to the defendant as the secretary of his lodge, other than the bare admission or confession of the defendant, as given in testimony by the witnesses for the state. It has many times been held by this court and our Supreme Court that a conviction cannot stand upon testimony no stronger than that disclosed by the record here. Johnson v. State, 13 Ala. App. 193, 68 So. 687; Hill v. State, 207 Ala. 444, 93 So. 460; Calvert v. State, 165 Ala. 99, 51 So. 311; Harden v. State, 109 Ala. 50, 19 So. 494. Upon the evidence offered the defendant was entitled to receive the general affirmative charge which was duly requested in writing, and because of its refusal the case is reversed. Reversed and remanded.

(102 So. 919)

Maxie BENNETT v. STATE. (4 Div. 43.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Distilling.

BRICKEN, P. J. Appeal dismissed.

(104 So. 919)

Johnnie BENSON v. STATE. (3 Div. 513.) (Court of Appeals of Alabama. May 26, 1925.) Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge. Grand larceny.

SAMFORD, J. Affirmed.

(101 So. 922)

Ella BETANCOURT v. STATE. (1 Div. 611.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Mobile County; Saffold Berney, Judge. Manslaughter in the first degree.

SAMFORD, J. Appeal dismissed by appellant.

(104 So. 919)

Walter BIGGERS v. STATE. (4 Div. 66.) (Court of Appeals of Alabama. May 12, 1925.) Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

RICE, J. The defendant was convicted of violating the prohibition laws, and appeals. It would not be useful, but would only serve to load the volumes of the reports of our deci-