(111 So. 897)

## SEXTON v. STATE. (4 Div. 195.)

(Court of Appeals of Alabama. Dec. 14, 1926.

Rehearing Denied Jan. 11, 1927.)

Frank B. Bricken, of Luverne, and Thos. E. Martin, of Montgomery, for appellant.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted, generally, under an indictment charging in one count unlawfully distilling, etc., prohibited liquors, and in another count unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors.

We will not discuss the evidence, but will content ourselves by saying that we have carefully examined same, and find that, despite the ingenious and skillful argument made by appellant's learned counsel, it was ample to support the verdict returned. It follows there could be no error in refusing any of the several written affirmative charges requested by the defendant.

There is no merit in the exception reserved to the ruling of the court in sustaining state's objection to the question asked witness Gillespie as to what he heard Mrs. Gould Sexton say. The testimony was hearsay and immaterial in the first place, and besides the question was answered, and the court did not exclude the answer.

And it was also proper to sustain the state's objection to the question put to the witness Tranum: "How long, in your judgment had this still been there?" Manifestly this called for the witness' mere opinion. Moreover, the fact sought was immaterial to the issues.

It was all right to cross-examine witness Barney Bell, who testified for defendant, and stated that he (Bell) had already pleaded guilty to being connected with the same still about which defendant was being prosecuted, as to who made his bond, etc.; this for the purpose of showing the witness' bias.

The other exceptions reserved on the taking of testimony have each been examined, and in none of the rulings underlying same do we find prejudicial error.

Charge 6, refused to defendant, was not predicated upon the evidence, and hence properly refused.

We do not find anywhere any prejudicial error committed by the trial court, and the judgment is affirmed.

Affirmed.