(129 So. 99)

## LITTLE v. STATE.

### 1 Div. 918.

Court of Appeals of Alabama.

June 17, 1930.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant was engaged in a difficulty with one Finis Gamble, in which defendant fired a gun at Finis and killed a child about three years old called "Tootie Bug." It is admitted that defendant did not intend to kill "Tootie Bug," but was shooting at Finis. The guilt or innocence of defendant therefore depends upon the facts as related to the difficulty between defendant and Gamble.

Evidence as to what defendant said about being sorry that he had shot the little girl and an offer to pay her funeral expenses, all after the difficulty, was irrelevant and inadmissible.

The defendant plead self-defense and offered evidence tending to prove this plea, and in connection with this evidence offered to prove: "That rumors had come to him that Finis Gamble had been bragging that he (Gamble) had had illicit relations with his (defendant's) wife and the people to whom Finis Gamble had made these statements communicated it to defendant." The court refused to permit defendant to make this proof, to which ruling defendant properly reserved exception. The question is: Would the testimony offered to be introduced by defendant have any tendency, even though slight, to shed light on the inquiry as to self-defense, which was clouded by conflicting and irreconcilable testimony. Under the authority of Gafford v. State, 122 Ala. 54, 25 So. 10, and Kennedy v. State, 140 Ala. 3, 37 So. 90, we must hold that the court committed error in sustaining the state's objection. Such evidence would enable the jury, in determining the issue of self-defense, to view the acts of Gamble from the defendant's standpoint.

Charges insisted on as error cannot be here considered. As appears from this record none of the charges were marked refused and signed by the trial judge, as is required by section 9509 of the Code of 1923. Mason v. State, 16 Ala. App. 405, 78 So. 321.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.