32 So.2d 374

**BIRMINGHAM ELECTRIC CO. v. ECHOLS et al.**

**6 Div. 415.**

Court of Appeals of Alabama.
June 24, 1947.

Rehearing Denied Sept. 2, 1947.

G. R. Harsh and O. B. Hall, both of Birmingham, for appellees.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellants.

CARR, Judge.

The status of the record presented by this appeal is set out in the brief of appellant's counsel:

"F. E. Echols, one of the appellees and a plaintiff in the court. below, recovered a judgment against the appellant, defendant below, Birmingham Electric Company, in the amount of $950.00 (Case No. 10900-X, Circuit Court of Jefferson County).

"Palmer Echols (whose name the evidence showed was Mrs. Pauline Echols, wife of F. E. Echols) recovered a judgment against appellant (Case No. 10959-X in the Circuit Court of Jefferson County) in the court below in the sum of $250.00. Although the complaint in the last named case was not amended on the trial to state her name correctly, appellant makes no point in that regard in this appeal, and we shall consider the second case as being that of Mrs. Pauline Echols.

"The cases were consolidated for trial in the Circuit Court, and, following the filing, presentation and subsequent overruling of a separate motion for a new trial in each case, separate appeals were taken by the defendant. Since the cases were actually tried together, the appeals are brought to this court on one record, the attorneys for all parties having agreed that this may be done without objection from either side.

"The cases were tried before a jury which returned separate verdicts on which final judgments were rendered in favor of the plaintiffs as above stated."

There are assignments of error in case No. 10900-X which are not predicated in case No. 10959-X. However, all those which are posed in the latter case also appear in the former. It follows, therefore, that when we have treated all assignments of error in the former case we will have also disposed of those in the latter. In this state of the record, one opinion will respond to the questions presented by each appeal.

The cause of action in each case is stated in Count One of the complaint, charging simple negligence, and in Count Two, claiming wanton negligence. Demurrers were interposed to the complaint in each case, and they were directed to each count thereof separately and severally.

Both causes were submitted to the jury under counts based on simple and wanton negligence. The verdicts of the jury responded generally in each case.

With reference to the rulings on the pleadings, the only question raised here is the action of the trial court in overruling the demurrers to the second count in case No. 10900-X. The count in question adopts the first paragraph of Count One of the complaint and then adds thereto a concluding paragraph. The Reporter will set out in the report of the case Count Two as it appears after the adoption as indicated.

It is clearly obvious that in the second paragraph of this count the pleader failed or omitted to include a line or an averment that was intended. Without the inclusion the sentence is incomplete.

The first matter of material inquiry is to determine whether or not the count, as it appears in the case, states a substantial cause of action. If it does not, it will not support the judgment and a reversal must follow; and this without reference to or concern with the sufficiency of the grounds of the demurrers interposed thereto. Louisville & N. R. Co. v. Williams, 113 Ala. 402, 21 So. 938; Linam v. Jones, 134 Ala. 570, 33 So. 343; Chandler v. Price, 244 Ala. 667, 15 So.2d 462; Griffin v. Fowler, 17 Ala.App. 163, 82 So. 653; Hardy v. Glass, 17 Ala.App. 278, 84 So. 569.

It will be noted that the omission which was likely caused by fault in typing appears in the attempt to set out the quo modo of the charge of wantonness.

This court stated the rule applicable to good pleading in William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94, 96: "It has long been a settled rule of pleading in this State, that an averment, that a specified injury was inflicted by reason of the negligence of the defendant, is a good and sufficient charge of simple negligence; and, that a specified injury was sustained as the proximate result of the wanton, or wilful and intentional negligence of the defendant is a good and sufficient charge of wanton negligence, and this without setting forth the facts showing the

wanton misconduct. On the other hand, when the pleader attempts to set out the facts, or quo modo of the negligence charged, then these facts must in law constitute in the first instance a case of simple negligence, and in the second, a case of wanton or willful negligence."

In Barbour v. Shebor, 177 Ala. 304, 58 So. 276, 277, we find: "The court did not err in overruling the demurrer to count B of the complaint. The count does not attempt to set out the facts constituting wanton conduct, but, in accordance with the decisions of this court, merely alleges that the injuries were received as the proximate consequence of 'the wanton act of defendant's servant or agent while acting within the line and scope of his authority as such.'" See also, Sotuhern R. Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; St. Louis & S. F. R. Co. v. Dennis, 212 Ala. 590, 103 So. 894; J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; Taxicab & Touring Car Co. v. Cabiness, 9 Ala.App. 549, 63 So. 774.

■ The authorities supra, in our view, are competent to support our conclusion that the count in question does state a substantial cause of action and therefore its sufficiency in averments must be raised by the interposition of appropriate demurrers. Title 7, Sec. 570, Code 1940; Hall et al. v. First Bank of Crossville, 196 Ala. 627, 72 So. 171; Hershey Chocolate Co. v. Yates, 196 Ala. 657, 72 So. 260.

Of course, it is not here insisted that the appellant failed to file any demurrers to the complaint, but it is cogently urged that no grounds were assigned specifically pointing out the defect caused by the apparent omission in the wanton count.

Our study of the record leads us to a concurrence in this position.

The demurrers in the main are general in terms, and there is no stated ground which points out the indicated defect in a manner required by Title 7, Sec. 236, Code 1940: "No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer." See also, Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas.1917 D, 929; Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541; Alabama Power Co. v. Holmes, 16 Ala.App. 633, 80 So. 736; East Pratt Coal Co. v. Jones, 16 Ala.App. 130, 75 So. 722.

■ We entertain the view that, for another cause, we would not be authorized to charge error in the matter of instant concern.

It is not contended in brief of counsel that the evidence was not sufficient to warrant the submission of the case to the jury on the wanton count.

As we have stated, the companion case carried also the wanton count. Its sufficiency of averment is not questioned. The two cases were submitted to the jury under the same evidence and one oral charge. Throughout his oral charge the court held the jury to the requirement that it must be satisfied of the truth of the material allegations of Count Two in both cases. His charge was directed in this aspect to both cases without specific instruction as to each. He informed the jury fully and comprehensively on what constitutes wantonness. In addition he gave two written charges at the instance of appellant, each of which correctly stated the law applicable to wanton negligence.

We are impressed that we have here an appropriate and purposeful application of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. Our conclusion finds support in adjudicated cases where the questions involved are quite analogous, if not in fact, certainly in principle, to the instant case. Vance v. Morgan et al., 198 Ala. 149, 73 So. 406; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832; Day & Sachs v. Travelers' Ins. Co., 223 Ala. 558, 137 So. 409; American Standard Life Ins. Co. v. Tolliver, 25 Ala. App. 363, 146 So. 625; Home Ins. Co. v. Trammell, 27 Ala. App. 476, 174 So. 536.

We have now responded to all insistences in brief of counsel which relate to Assignments of Error 1, 2, and 3.

■■ The fourth assignment takes the position that the court erred in refusing

appellant's tendered written Charge No. A-3.

Under the provisions of Act No. 193, Gen.Acts 1943 p. 183, Code 1940, Tit. 7, § 429(1), we take judicial notice of the ordinances of the City of Birmingham. An examination of the ordinance (1944 City Code of Birmingham) referred to in the charge in question discloses that the ordinance was adopted subsequently to the time of the collision which formed the basis for this suit. Refusal of the charge was, therefore, justified.

 Assignment of Error No. 5 is: "The court erred in granting plaintiff's motion to exclude the following testimony of the witness, A. F. Boatner: 'They come together right there (indicating). They side swiped there (indicating).'" Counsel in brief does not point out the page in the record where this answer appears, nor does he cite any authorities in support of the insistence. Supreme Court Rule 10, Code 1940, Tit. 7 Appendix. However, we will briefly treat the matter.

We find on page 201 of the record that the above answer was given on cross examination in reply to this question: "As a matter of fact, what you saw was where that truck body had been pushed up into the cab; isn't that what you saw?" When counsel for appellee, who was the interrogator, moved to exclude the answer on the ground that it was not responsive to the question, the trial judge said, "All right." Appellant's counsel excepted.

It is doubtful that this was a proper ruling on the motion. Braxton v. State, 17 Ala.App. 167, 82 So. 657. However, we hold that the answer was not responsive and was subject to an exclusion. Pope v. State, 174 Ala. 63, 57 So. 245.

It is fitting to state also that the witness was not present when the collision occurred and he was giving testimony of what he found upon his arrival at the scene. On direct examination he described in detail the injury markings that he observed on both the truck and street car. Appellant was in no way harmed by the exclusion of the answer about which complaint is made. This is true if we remove all doubt that

the judge's statement was taken by the jury to mean that it should not consider the reply of the witness. McNeil v. Munson S. S. Line, 8 Ala.App. 610, 62 So. 459; Walling v. State, 15 Ala.App. 275, 73 So. 216.

We have now given attention and decision to each assignment of error presented by both cases on this appeal.

The judgment of the primary court in each cause is ordered affirmed.

Affirmed.