96 So.2d 202

**Earnest P. EDWARDS**

**v.**

**STATE.**

**5 Div. 496.**

Court of Appeals of Alabama.

June 18, 1957.

Wilbanks & Wilbanks, Alexander City, for appellant.

· John Patterson, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Chas. B. Bailey, Jr., Livingston, of counsel, for the State.

PRICE, Judge.     .

Appellant was indicted for murder in the second degree, convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of three years. Hence this appeal.

The State's evidence tends to show that deceased, James Thomas, in company with Chester Lee Goggins and Odell Robinson, was at a cafe in Alexander City, Alabama, the night of June 4, 1955.

Robinson testified that Kern Edwards, defendant's brother, threatened to kick deceased when he played a record on the rockola. Defendant then said to deceased, "You come over here tonight to turn out this God damn place, didn't you?" Deceased got up from the bench where he was sitting and defendant ran out the front door, threatening to kill deceased upon his return. Defendant went to his automobile, parked in front of the cafe. He then came back to the door of the cafe, held the screen open with his left hand and with his right hand threw a Coca Cola bottle, which struck deceased on the left temple. The bottle broke upon impact. Deceased was rendered unconscious and died in the hospital shortly thereafter.

Goggins' version of the difficulty was that when both defendant and his brother started toward deceased with drawn knives, he stood up and said "both of you ain't go jump on this boy." Kern Edwards then turned on Goggins, and defendant went out the door, stating "God damn it, wait till I get back." When he returned he threw the bottle, striking deceased.

For the defendant, Loftin Burton testified deceased turned off the record on the rockola and started toward Kern with an open knife in his hand. Defendant told deceased to stop and deceased cursed and advanced toward defendant. Defendant told him three times to stop, and when he failed to stop he hit him with the bottle. Witness stated defendant did not leave the building until after he threw the bottle.

Frank Burton testified that he was standing outside the building and someone out there "chunked" some bottles; that as he stepped inside the cafe he saw deceased advancing toward defendant with a knife in his hand; that when he refused to stop defendant hit him with the bottle.

Ellis Whetstone and Sonny Tuck testified they picked deceased up off the floor after he was struck and that he had a knife in his hand when he was picked up.

Defendant, as a witness in his own behalf, testified:

"Well, when I was there, when I got there, my brother punched the record, and so this boy cut it off, and I jumped up when they got to rastling, and I told him that was my brother and don't start to fighting, and this boy turned around and started at me with the knife, and I backed out the door, and when I backed out the door someone out there was throwing bottles and I come back in and those bottles was still coming on, and this boy was still coming on me with the knife and I told him to stop and he wouldn't do it and so I hit him."

He stated he was seven or eight feet from deceased when he threw the bottle. On cross-examination defendant testified his automobile was parked ten or twelve feet from the front of the cafe, and he had the car keys in his pocket.

Evidence of defendant's previous good character was also introduced.

"In order to constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which, ordinarily, in the usual course of events, death or great bodily injury may be a consequence." Harrington v. State, 83 Ala. 9, 3 So. 425, 428.

We are of the opinion that under the conflicting testimony the question of whether the defendant was justified in killing the deceased, under the doctrine of self defense, was for the jury, and that the evidence was sufficient to sustain the conviction. Therefore, no error resulted in the denial of the motion for a new trial.

The appellant urges in brief that the court erred in refusing to admit certain evidence as to rocks being thrown on the outside of the building at the time the defendant was allegedly attempting to retreat from the deceased, which prevented his leaving the cafe.

The record discloses the following during the direct examination of defendant's witness, Frank Burton:

"Q. Well, just tell those folks over there what you saw and heard at that time in your presence. A. What I saw, I was standing outside and someone chunked some bottles, and I went inside and the boy was coming on him with a knife and he cussed him and told him to stop and he kept coming and he hit him.

\*        \*        \*        \*        \*        \*

"Q. Did you see anybody doing anything at that time on the outside of the building? A. Someone was chunking.

"Mr. Young: We object to what happened on the outside of the building, your honor. That wouldn't be a part of the res gestae."

"The Court: overruled.

"Mr. Adair: And we further assign the ground, may it please the court, this man was inside the building and has no knowledge of what was going on outside.

"The Court: Overruled. We will let the jury decide that.

\*        \*        \*        \*        \*        \*

"A. Someone was chunking some bottles. That's the reason I came inside.

"The Court: Yes, sustain the objection to what happened outside about the bottles, before he went in the house. That's out."

We think the court's ruling sustaining the objection was proper.

Besides our courts have held that a response by the trial judge to "leave [that] out," Braxton v. State, 17 Ala.App. 167, 82 So. 657, 658, or "all right," Birmingham Electric Co. v. Echols, 33 Ala.App. 234, 32 So.2d 374, is not a proper ruling on a motion to exclude.

■ Here, the witness had already answered the question and no motion was made to exclude, Stephens v. State, 22 Ala. App. 533, 118 So. 231, certiorari denied 218 Ala. 168, 118 So. 232; Sexton v. State, 22 Ala.App. 16, 111 So. 897, certiorari denied 215 Ala. 533, 111 So. 898; the court's statement, "That's out," did not exclude the answer already made, and the defendant had the benefit of the witness' answer.

The following incident then occurred:

"A. I don't know nothing else that happened.

"Mr. Young: We object and move to exclude that.

"Q. Wait a minute. Was your answer someone was chunking—

"Mr. Young: Objection, your honor.

"The Court: Sustained. That is out.

"Mr. Young: I am asking that his answer be excluded.

"The Court: If he answered it, that is excluded."

We find no error in these rulings.

After the defendant had testified as set out in our delineation of the facts he was asked by his counsel:

"Q. What did you do, if anything? A. He started on me with a knife, so I backed on out the door, and when I backed out the door, someone was out there throwing rocks.

"Mr. Young: We object your honor.

"The Court: Sustained about what happened on the outside. Don't tell that. You can take your exception."

We conclude this ruling was proper. However, the defendant had the full benefit of the witness' answer and was not prejudiced by the ruling of the court. Authorities supra.

At this point defense counsel stated that under his plea of self defense defendant should be allowed to show that because of what happened outside the building he could not retreat without increasing his peril. He stated: "Now, this Negro said that he went outside the building, followed out with a knife by the boy inside the building. He went outside, and he testified that some bottles or rocks—"

The Solicitor objected and the court said: "Yes, I think you are mistaken. Sustain the objection."

Defense counsel then asked the court reporter to "Read that back what he said." The court stated: "She doesn't have to read that to me," and instructed the reporter not to read the testimony.

Defense counsel then stated he wanted the record to show that he asked the reporter to read the testimony and that the trial judge instructed the court reporter not to read it, and that he asked for a mistrial.

The court informed counsel that no motion had been made and no ruling was required, and that he would not rule until the motion had been made.

■ The record contains no formal motion for a mistrial, therefore, no error in the court's action is presented which can be here considered. Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897. However, if it be conceded that such motion was in fact made, we cannot say the court's ruling constituted reversible error.

The court also requested that the record show that the court "did not instruct the reporter to read the testimony of the witness because no special part of the testimony was requested to be read by the court reporter and the court saw no necessity for reading the entire testimony of the witness."

In Dennison v. State, 17 Ala.App. 674, 88 So. 211, 213, the court said:

148

"The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state." See also Cantor v. State, 27 Ala.App. 40, 165 So. 597; Townsell v. State, 255 Ala. 495, 52 So.2d 186.

We find no abuse of the court's discretion in the incident set out herein.

Refusal of charges 1 and 3 relating to murder in the second degree was harmless, the verdict of the jury being for a lesser offense. York v. State, 34 Ala.App. 188, 39 So.2d 694, certiorari denied 252 Ala. 158, 39 So.2d 697; Hubbard v. State, 36 Ala.App. 110, 53 So.2d 631; Ray v. State, 32 Ala.App. 556, 28 So.2d 116.

Requested charges 8 and 9 cannot be considered. They are not endorsed "refused" and signed by the trial judge. Little v. State, 23 Ala.App. 547, 129 So. 99; Kiker v. State, 233 Ala. 448, 172 So. 290.

Refused charge 6 has been held to state a correct proposition of law. Odom v. State, 253 Ala. 571, 46 So.2d 1. We think, however, the charge was fairly and substantially covered by the oral charge of the court.

Other charges refused to defendant were likewise fairly and fully covered in the court's oral charge.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Affirmed.