261 So.2d 447

**Dorcie MILLER**

**v.**

**STATE.**

**6 Div. 137.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Rehearing Denied March 28, 1972.

1. 47 Ala.App. 347.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried in the lower court and convicted of murder in the second degree. His sentence was fixed at thirty years imprisonment. From this judgment and sentence he brings this appeal.

The facts were set out in appellant's brief and supplemented by those set out in appellee's brief. Appellant's brief states the following:

"On the 3rd day of August, 1969, appellant had a minor altercation with one Tilton Wood, the brother of the deceased Millard Wood at Lonzie Holloway's store on U. S. Highway Number 231 near the Strawberry Community in the extreme northern part of Blount County, Alabama. Appellant followed the truck which Tilton Wood was driving in his car south on U. S. Highway Number 231 toward the home of the deceased, Millard Wood. Between Lonzie Holloway's store and the home of the said Millard Wood, Tilton Wood pulled off the road and stopped and as the Appellant rode past him fired three shots at Appellant's automobile. Appellant drove on south and Tilton Wood passed him and pulled off into a road by the side of the home of the deceased, Millard Wood. Appellant drove just past Millard Wood's home on U. S. Highway 231 and stopped and got

out of his car, at which time the deceased came running across his garden toward the Appellant while Tilton Wood approached toward the spot where the Appellant stood along the road. Shots were fired at the Appellant by Tilton Wood and the Appellant fired shots both at Tilton Wood and the deceased, apparently striking the deceased who died and whose body was found to contain bullet wounds. Thereafter, Appellant proceeded to his home and later gave himself up to the Sheriff's Department of Cullman County, Alabama, who delivered him to the Sheriff's Department of Blount County; Alabama."

The additional facts contained in appellee's brief are as follows:

"Witness Tilton Woods stated on direct examination that on the 3rd day of August, 1969, he stopped at his brother's house and that he saw the Appellant drive his car onto the shoulder of Highway 231 approximately 240 feet from the deceased's house. The witness further stated that he saw the deceased walk toward the Appellant; that deceased did not have anything in his hand; that he saw the Appellant pointing a rifle at the deceased and that he fired 3 or 4 times. When the witness saw the deceased fall he 'made a break going to him.' The Appellant then turned on the witness and shot at him after which time the Appellant left in his automobile. The witness further stated that he observed the deceased where he fell, and that he saw no weapons on or near his body."

On arraignment the appellant pleaded not guilty and later the day of the trial added the further plea of not guilty by reason of insanity as a part of his defense. However, insofar as this court can determine the plea of insanity seems to have been abandoned, since no testimony in support thereof was introduced

The motion of the appellant to set aside the verdict of this case was overruled. This motion appears within the part of the transcript certified by the Clerk of the Court. In addition thereto, the appellant has filed an assignment of error not within the sealed portion of the transcript and, therefore, not a part of the record proper, but the court has considered these assignments of error [1] along with the brief filed by appellant as an aid to its understanding of the appellant's contentions and argument for error.

The assignments are numbered and the court's response thereto are numbered insofar as it is practicable:

█ Assignment of Error No. 2: Objection to the questions as to Tilt Woods being shot by Dorsey Miller came after answer. There was no motion to exclude; hence, no error. Furthermore, Tilton Woods testified earlier that the trouble he had with the Millers was with Doris, another Miller brother, and we think it was Doris to whom the witness Frances Woods referred. Linda Woods was allowed, without objection, to testify that Doris Miller had at one time shot Tilton Woods in the leg and that he had been crippled ever since.

█ Assignment of Error No. 3: Objection and motion to exclude testimony of Sheriff J. C. Carr. Answer to questions objected to regarding the character of Millard Woods was not responsive but this error was not of a reversible nature. The witness later testified, after proper predicate was laid and without objection, that the reputation of the deceased for peace and quietude was good.

█ Assignment of Error No. 4: Testimony of Trooper Shafer about an arrest of appellant in July was not responsive to question of prosecuting attorney as to ar-

---

1. As pointed out in Lee v. State, 47 Ala. App. 548, 258 So.2d 743, 1 Div. 87 and 88, Feb. 29, 1972, "Assignment of Error" is an obsolete term in our criminal practice. See Code, 1940, T. 15, § 389, which expressly abolished the need for assigning error in criminal appeals.

rest in August, the time of the killing, and the court was in error in overruling the motion to exclude. The court, however, apparently changed its ruling when the matter was again called to its attention by another motion to exclude by appellant and the motion was granted. In view of the wide range of the testimony no error of a harmful nature appears.

■ Assignment of Error No. 5: There is no merit in appellant's argument that the court erred in allowing State's witness Billy Ray Nix to testify that to the best of his knowledge Dorcie Miller, the appellant, said to him on the night of August 3 that he had killed Millard Woods.

■ Assignment of Error No. 7: No objection was made to the questions and answers of defense witness, Doris Miller. The attorney for the appellant only made to the court the statement that it was not a conviction and the court seemed to agree, saying, "That is right. Overruled, go ahead. No argument." In any event, the testimony was already in without objection. Failure to object before answer is made lets evidence come in and overruling of motion to exclude answer is not reversible error. Douglas v. State, 42 Ala.App. 314, 163 So. 2d 477, cert. denied 276 Ala. 703, 163 So. 2d 496; Green v. State, 271 Ala. 106, 122 So.2d 520.

Assignment of Error No. 8: Further objection to the same subject resulted in favorable rulings from the court who used the term, "That is right" in making the rulings in response to the objections.

■ "All right" (or "that is right") is not a proper ruling by the court on motion to exclude evidence already admitted. Edwards v. State, 39 Ala.App. 144, 96 So.2d 202, but we think the error of the court did not result in substantial injury to appellant's case in view of the wide range of testimony introduced by appellant referred to hereinafter.

Assignment of Error No. 9: No objection was made to questions on cross-examination of appellant's witness Smith with regard to whether he was awaiting trial on a charge of rape. The court later sustained a motion to exclude that testimony and any reference to whom the victim might be.

■ Assignment of Error No. 10: The question asked appellant's witness Diane Bagwell by the district attorney, "Do you know that there is a charge pending here in this court where Doris Miller is charged with pouring gas on and attempting to burn up Coleman or Tobe Woods?" Objection to this question was overruled and it was answered in the negative. On further questioning, not objected to, Diane Bagwell answered in substance that she had heard vaguely about it but knew very little. No reversible error appears here.

■ Dorcie Miller, the appellant, and Millard Woods, the deceased, each have several brothers who have lived for many years in the same general area in Blount County. It appears from the testimony which was allowed to take a range far beyond any relevance to this issue that a feud had existed between the families for some time and many witnesses were allowed to testify to difficulties between the men and the two families, wholly disconnected with the facts in this case and reminiscent of the stories of the Hatfields and McCoys so familiar to another generation. Most of this evidence was introduced by the appellant and if any effect on the issues resulted, it was favorable to the appellant. In our opinion, the verdict of the jury was not contrary to the weight of the evidence nor the result of passion or prejudice toward the appellant.

These assignments cover substantially the grounds for a motion for a new trial and in the opinion of this Court no error appears in the action of the lower court's overruling the motion. (Assignment of Error No. 1).

We have responded to the contentions made by the appellant and have also search-

**32**

ed the record of 356 pages for error as is our duty under Tit. 15, § 389, Code of Alabama, 1940, as recompiled 1958.

Finding no error of a reversible nature, this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.