Appellant was convicted of rape and sentenced to a term of twenty-five years imprisonment and now brings this indigent appeal. *Page 848 
The evidence of the State tends to show that appellant in the night-time gained entrance to a residence where two young ladies were alone; he was armed with a knife; he then forcibly had relations, first with the older of the two girls who was seventeen years old and named in the indictment and immediately following had sex relations with the younger girl, age eleven, then again had sex relations with the older girl.
Appellant contends for a reversal because of the improperly admitted evidence in a single instance and, also, because of a statement of the district attorney in his argument to the jury. No other error is claimed.
During the trial, in the questioning of one of the investigating detectives by the district attorney, the following occurred:
"Q. What did you find when you arrived at the scene?
 "A. The father of [the seventeen year-old] was there and this [eleven year-old] girl, a young black female, and [the seventeen year-old] and said they had been raped —
 "MRS. WEISS: Your Honor, I object unless everybody that he has mentioned is going to testify.
 "THE COURT: Well, I overrule your objection. This is part of his investigation. I overrule your objection." [Names omitted and bracketed material added.]
The district attorney then changed his method of questioning and proceeded with no details of the complaint being revealed.
It is noted there was no motion to exclude, the objection was conditional, and that both the young ladies referred to later testified fully in the case on both direct and cross-examination. The statement of the witness was not responsive and there was no motion to exclude; hence, there was no error on the part of the trial court. Woods v. State,54 Ala. App. 591, 310 So.2d 891; Miller v. State, 48 Ala. App. 28,261 So.2d 447.
In addition, we call attention to Waters v. State,55 Ala. App. 646, 318 So.2d 342, wherein it is stated as follows:
 "The state may on direct examination of the prosecutrix prove the bare fact that she made immediate complaint of being raped and when and to whom, and she may be corroborated by the person or persons to whom she complained as to the same fact." [Citations omitted.]
In this case it is impossible to separate the evidence of the two crimes testified about, and evidence of the alleged conduct of the appellant, on the occasion in question, toward either or both of the girls is admissible.
In his final argument, the district attorney stated as follows:
 "MR. PRICE: When this case is over if you find the defendant guilty, I sure would like for that verdict, that decision, to beat me back to Young Forte Village to tell others who perhaps might commit the same type crime to tell the people in Young Forte Village that no longer will you be allowed or be able to go out and rape little young girls seventeen and eleven years old out in Young Forte Village or any other village or any other place in the City of Montgomery —
 "MRS. WEISS: Your Honor, I object. That is improper argument.
"THE COURT: You mean as to the eleven year old?
"MRS. WEISS: Yes, sir.
 "THE COURT: All right. I will instruct the Jury to disregard that statement.
"MR. PRICE: I apologize, Your Honor."
We first note that the trial court did everything which the appellant's attorney asked. Although the use of the term "all right" has been condemned for the purpose of indicating a ruling, the trial court proceeded to instruct the jury to disregard the statement and no other relief was requested or sought. The trial court did not commit error. Espey v. State,270 Ala. 669, 120 So.2d 904. It further appears that this statement did not go so far as the statement *Page 849 
alluded to in the case of Barnett v. State, 52 Ala. App. 260,291 So.2d 353.
The court has carefully reviewed the entire record, according to its duty under T. 15, § 389, Code of Alabama 1940, Recomp. 1958, and finds no reversible error.
The foregoing opinion was prepared by Hon. Clark E. Johnson, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940 as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT. JJ., concur.