(111 So. 210)

## GOFF et al. v. SELLERS.   (4 Div. 297.)

(Supreme Court of Alabama.   Jan. 20, 1927.)

1. Trial ⬡194(7)—Undisputed and expressly admitted facts may be properly stated to jury as such (Code 1923, § 9507).

Undisputed and expressly admitted facts may, under Code 1923, § 9507, be stated to the jury as a fact without hypothesis, since such section was not intended to abridge the inherent power of court to direct jury's attention to undisputed, admitted facts.

2. Appeal and error ⬡1061(4)—Court's instruction ex mero motu, requiring verdict for plaintiff in action for assault and battery, held harmless, where essential facts were all admitted.

Where, in action for damages for assault and battery, all essential facts were admitted, and result did not depend on credibility of oral testimony, court's instruction ex mero motu that plaintiff, on undisputed facts, was entitled to verdict, held, under Supreme Court rule 45, to constitute harmless error.

3. Assault and battery ⬡34—Testimony of plaintiff's consent to beating held admissible, and properly considered in mitigation of damages.

In action for damages for assault and battery, testimony relative to plaintiff's consent to administration of beating held admissible and proper to be considered in mitigation of damages.

4. Assault and battery ⬡14—Evidence of plaintiff's familiarities with daughter and niece of defendants held unavailable as justification, excuse, or extenuation.

In action for assault and battery, evidence that plaintiff had been guilty of improper familiarities with daughter and niece of defendants held unavailable by way of justification or excuse or extenuation.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action by W. W. Sellers against J. W. Goff, J. J. Faulk, and W. T. Speigner. Judg-

---

ment for plaintiff, and defendants appeal. Affirmed.

Plaintiff sued defendants for damages for an assault and battery committed on him by them, as alleged, on the 24th day of April, 1925. The complaint contains three counts; the first of which is under the Code form; the second, that "the defendants did unlawfully, · wantonly and maliciously and unmercifully beat the plaintiff with a buggy trace"; and the third sets out the facts of the assault in detail, alleging, among other things, that they took the plaintiff into a schoolroom, and shut the door, and foreclosed any mode of escape, and unlawfully, wantonly, and maliciously beat him, and further that they ordered the plaintiff to leave the community, and, through fear and in consequence of threats, he did leave the community.

The case was tried on the plea of the general issue, with the right to give in evidence any matters which would support a good special plea. No exceptions were reserved in the course of the trial on questions of evidence, but exceptions were reserved to portions of the oral charge of the court. The plaintiff proved that he was assaulted by two of the defendants, Goff and Faulk. As a part of the res gestæ, a conversation between the parties was adduced in evidence relating to the cause of the assault, which grew out of undue liberties between Sellers, who was janitor of the school building, and the little 12-year old daughter of Goff and the 13-year old niece of Faulk who was under his charge. They charged Sellers with hugging these girls and taking advantage of them by reason of his position. This was detailed to Sellers, who admitted that a part of it was true, though he did not tell them what part, according to Sellers' version.

According to defendants' testimony, Sellers willingly consented to the beating, which was administered by Goff and Faulk with a leather strap, leaving numerous welts and some abrasions on the victim's posterior parts.

The trial judge charged the jury ex mero motu in part as follows:

"On the whole evidence in the case the defendants have not shown or offered any evidence of legal justification or excuse. * * * In this case *it is admitted that the defendants assaulted and beat the plaintiff.* That is an unquestioned fact admitted by both sides. * * * Therefore *the plaintiff, on the undisputed facts of the case, as a matter of law, is entitled to recover*—he is entitled to a verdict at your hands. * * * But that evidence (the conversation about plaintiff's familiarities with the little girls, held with him on the occasion of the assault) is here in the case, and you take it and consider it along with the other evidence in the case, *not as a justification or as an excuse, nor by way of extenuation,* but you consider it because it is a part of the transaction showing the nature and character of the assault."

Defendants seasonably excepted to the italicized portions of the charge.

The jury returned a verdict for $2,000, for which judgment was rendered, and from which defendants appeal.

W. O. Mulkey, of Geneva, and J. M. Loflin, of Enterprise, for appellants.

The portions of the court's oral charge to which exceptions were reserved, were in violation of section 9507 of the Code, being a charge upon the effect of the evidence without being requested to do so. Mayer v. Thompson-Hutchison Building Co., 116 Ala. 635, 22 So. 859.

J. C. Yarborough and J. W. Hicks, both of Enterprise, for appellee.

The charge of the court was not upon the effect of the evidence; there was no evidence of defendants' plea. But, if the language complained of were in violation of the statute, it was error without injury. Schloss v. Inman, 129 Ala. 424, 30 So. 667; Brilliant Coal Co. v. Barton, 205 Ala. 89, 87 So. 830; Lovelace v. Miller, 150 Ala. 422, 43 So. 734, 11 L. R. A. (N. S.) 670, 14 Ann. Cas. 1139.

SOMERVILLE, J. Section 9507, Code 1923 (section 2274, Code 1852), declares that the court "shall not charge upon the effect of the testimony, unless required to do so by one of the parties." It has been held that this section "was not intended to abridge the original, inherent power of the court to direct the attention of the jury to undisputed, admitted facts." Dennis v. State, 112 Ala. 64, 20 So. 925; Tidwell v. State, 70 Ala. 33. And, "when the record shows affirmatively that certain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis. * * * [But] If there is· any conflict in the testimony, or if testimony is of such indeterminate character as that inferences must be drawn to make up its completeness, then such fact, or assumed fact, cannot be given in charge without hypothesis." Carter v. Chambers, 79 Ala. 223.

[1] In this case, the fact of defendants' assault upon the plaintiff, as charged, being undisputed and expressly admitted by defendants, could be properly stated to the jury as a fact, without hypothesis. So, also, the admitted circumstances all showed, to a certain legal conclusion, that there was no justification or excuse for the assault; that is, none that could be recognized in a court of law, however strong the moral justification may have been.

In the case of Schloss v. Inman, 129 Ala.

424, 430, 30 So. 667, 669, it appeared that the trial judge, in response to a statement by the jury that they did not understand the general affirmative charge given for the plaintiffs, said:

"I charge you whether you believe the evidence for the plaintiffs or the claimant you must find for the plaintiffs."

This court said:

"This was a charge upon the effect of evidence, and being given ex mero motu, was improperly given in view of section 3326 of the Code [1896; section 9507, Code 1923] which provides * * * But the facts entitling the plaintiffs were respectively established either by record evidence or were admitted so as not to depend on the credibility of oral testimony, and were such as made a verdict for the plaintiffs the only one which properly could have been found. Such being the case it is legally impossible that the jury in finding for the plaintiffs were improperly influenced by the oral charge and, therefore, it furnishes no ground for reversal."

Thus, prior even to the adoption of rule 45, this court recognized the validity of the doctrine of error without injury in this class of cases with respect to violations of this statute by unsolicited instructions to the jury on the effect of the evidence.

[2] We feel constrained to follow that decision, and to hold that the error of the trial court in instructing the jury that, on the undisputed facts, the plaintiff was entitled to a verdict, was error without injury. In so holding, however, our decision is strictly limited to cases like this, where the essential facts are all admitted, and the result in no wise depends upon the credibility of oral testimony.

[3] Plaintiff's consent to the administration of the beating, as testified to by defendants, was admissible and proper to be considered in mitigation of damages (Logan v. Austin, 1 Stew. 476), but no question is presented as to that.

[4] As to the unavailability, by way of justification or excuse, or extenuation, of the fact that plaintiff had been guilty of improper familiarities with the little girls— of which fact defendants had been informed some time before the time of the beating, which was deliberately planned and executed—the ruling of the trial court is fully supported by the case of Lovelace v. Miller, 150 Ala. 422, 43 So. 734, 11 L. R. A. (N. S.) 670, 14 Ann. Cas. 1139, citing Terry v. Eastland, 1 Stew. 156.

Finding no error available for reversal, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.