163 So. 660

## McINTYRE v. STATE.

### 6 Div. 659.

Court of Appeals of Alabama.
June 11, 1935.

Rehearing Denied June 28, 1935.

Beddow, Ray & Jones, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., James L. Screws, Asst. Atty. Gen., and George R. Stuart, Jr., Asst. Sol., of Birmingham, for the State.

SAMFORD, Judge.

The indictment charged murder in the first degree, and on the trial defendant was convicted of manslaughter in the second degree.

It is charged that, while defendant was driving an automobile along the streets of Birmingham in an unlawful manner, he ran down and killed Irma Rabun, a girl child about eleven years of age. The evidence tending to prove the crime is not disputed. The defense is an alibi, and much evidence is introduced by the state tending to prove defendant to be the guilty party. Most of this evidence is circumstantial, tending to prove the identity of the car owned by defendant and alleged to have been driven by him at the time of the homicide. Defendant did not deny ownership of a certain car found in the

Iroquois garage the day after the homicide, but he did deny driving the car that struck the child, and he offered many witnesses to sustain this contention.

One of the most important circumstances introduced and relied on by the state to prove that the homicide was caused by defendant's car was a lot of broken glass, some of which was picked up on the street near the scene of the accident and on the morning afterwards and some of which was taken from the right headlight of defendant's car, where it was found in the garage. There was an extended examination of witnesses relating to this glass, where it was found, its appearance, etc., and then the following occurred:

Thereupon the solicitor stated to the court:

"Mr. Stuart: Now, what I want to do, as I have examined him, for him to point out those things. If I could take four or five or six jurors down there."

Thereupon the court replied:

"The Court: That will be all right, Mr. Stuart."

The defendant objected to the demonstration being made in the presence of the jury, because it was improper and illegal, which objection was overruled, to which action of the court the defendant duly and legally reserved an exception.

Thereupon the court stated:

"The Court: Now, gentlemen, I believe we will just let you come three at a time; and I will say, Mr. Beddow, I will let Mr. Stuart point out anything he desires to point out, to call your attention to at this time, and if later, Mr. Beddow, you desire to have the same thing done, you call them around; of course, you will have the privilege to do the same thing."

The defendant further objected to the demonstration being made, as well as to the action of the court in permitting the solicitor to point out to the jury any features in connection with the glass introduced in evidence, to calling their attention in any way thereto, which objection was overruled, to which action of the court the defendant duly and legally reserved an exception. Thereupon it was agreed in open court that the record might correctly show that eighteen pieces of glass were displayed upon a table in the presence of the jury, and also that at least eighteen pieces of glass were lying by the side of that, which the witness had identified as being glass that either came out of the headlight lens of the defendant's car or off of the ground at the scene of the accident.

Thereupon, under the instruction of the court, three of the members of the jury were called from the jury box to the table upon which the pieces of glass had been placed so that an inspection thereof might be made by them, during which inspection the solicitor stated:

"Mr. Stuart: For the purpose of the jury, I want to try to show which is which."

The defendant objected to the action on the part of the solicitor in calling attention of the jury to any marks of identification or to any features in connection with the glass being inspected by the jury, which objection was overruled by the court, with the explanation:

"The Court: Mr. Stuart, you can refer to any marks on there. If you desire to say one has a piece of yellow paint and the other one doesn't; you can do that. (To which action of the court the defendant duly and legally reserved an exception.)"

Thereupon the inspection continued; the solicitor calling attention of the jurors to various features in connection with the glass introduced in evidence.

The solicitor asked the witness the question: "Q. Mr. Stephens, did this piece that has no paint on it come off of the street?"

The defendant objected to the question because it called for hearsay testimony, because it called for testimony that would invade the province of the jury, and because it called for the opinion of the witness, which objection was overruled, to which action of the court the defendant duly and legally reserved an exception.

The witness answered: "A. Yes, sir."

The solicitor asked the witness the question: "Q. Did this piece here that has paint on there come out of the car of McIntyre?"

The defendant objected to the question, because it called for hearsay testimony, because it called for testimony that would invade the province of the jury, and because it called for the opinion of the witness, which objection was overruled, to which action of the court the defendant duly and legally reserved an exception.

The witness answered: "A. Yes, sir."

Thereupon the inspection continued, other jurors being called in threes, the solicitor calling attention of the jurors to various features in connection with the glass introduced in evidence.

During the inspection, the solicitor stated to the jurors then examining the glass introduced in evidence:

"Mr. Stuart: I call your attention to the piece without paint and a piece with paint, and an overhanging edge and a depressed edge. I call your attention to the overhanging edge on this one and the depressed edge on that one."

The defendant objected to the action of the solicitor in calling attention of the jury to the particular pieces of glass, because it was illegal and improper, which objection was overruled, to which action of the court the defendant duly and legally reserved an exception. Thereupon the inspection continued, all of the jurors being called in threes, the solicitor calling attention of the jurors to various features in connection with the glass introduced in evidence, until the entire jury had inspected the glass displayed in the presence of the jury.

It is the contention of defendant that the questions propounded, the answers given, the action of the trial court in permitting the jury to leave the jury box, three at a time, and the action of the court in allowing the solicitor to call attention to the three jurors, various features in connection with the glass introduced in evidence, were very harmful to the defendant. It amounted to an unwarranted separation of the jury. The solicitor was not sworn as a witness, and was allowed to testify to material facts in the case, in that he was permitted to call attention to each set of three jurors who were separated from the other nine and to call attention to various features in connection with the glass introduced in evidence. These proceedings took place while the state witness Stephens was on the witness stand.

It appears from the record, while three of the jurors were having their attention called to various features of the glass, that the solicitor propounded questions to the state witness Stephens.

██ The separation of the jury into threes for the purpose of viewing the glass under the direction and suggestion of the solicitor was unwarranted. It is improper for a jury to receive any information regarding the case except in open court and in the manner provided by law. To take the jury in groups of three from the jury box that they may view an object about which there is controversy and to have the solicitor make explanatory statements to one group which may not be made to all the others is prejudicial error.

██ Besides, when a jury is allowed to view an object, it is merely to enable the jurors to comprehend more clearly, by the aid of visible objects, the evidence already received. 16 Corpus Juris, 827 (2091)b.

██ In this state, when a view of an object is permitted in a criminal case, the view must be without comment, and testimony taken in conjunction with the view or comments made by the Solicitor calling attention to certain particulars of the object should not be allowed, and, when such occurs, it is error. Kilgore v. State, 19 Ala. App. 181, 95 So. 906; 16 C. J. 827 (2092)c.

 The pieces of glass referred to in this case, when properly identified, were admissible in evidence. They were then subject to comment and demonstration in argument by counsel for the state and the defendant and to be considered by the jury in the light of all the evidence in making their verdict, but the jury must pass upon the identity of the glass and whether the broken parts matched or fit, so as to make one complete whole, or fit in such manner as to demonstrate the fact that the glass in defendant's car was a part of the headlight shattered at the point of the homicide.

Other exceptions are not passed upon, as on another trial the same questions may not be raised.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.