163 So. 662

## T. C. McINTYRE v. STATE.
### 6 Div. 811.

Supreme Court of Alabama.
Oct. 17, 1935.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

Beddow, Ray & Jones, of Birmingham, opposed.

THOMAS, Justice.

Petition of the state of Alabama for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in T. C. McIntyre v. State, 26 Ala. App. 499, 163 So. 660.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

BOULDIN, BROWN, and KNIGHT, JJ., dissent.

BROWN, Justice (dissenting).

It clearly appears from the statement of facts in the opinion of the Court of Appeals that the inspection of the particles of broken glass by the jurors in groups of three took place in open court in the presence of the defendant and all the other jurors; that the jurors in groups of three were allowed, as a matter of convenience, to step out of the jury box and inspect the particles of glass, which had been identified by the witness Stephens as glass picked up at the scene of the alleged homicide and glass taken from the defendant's car after the homicide where it was parked in the garage, and the witness Stephens, during the inspection, was further questioned in respect thereto. These jurors were not separated except in the respect above indicated, and it does not appear that the solicitor did anything except call attention to the fact that certain pieces of glass taken from the scene of the homicide exactly fitted into the pieces taken from the headlight of the defendant's car. If the defendant was prejudiced by this course of procedure, it was simply because it tended to develop the truth and connect the defendant with the homicide.

In my judgment, the court in thus allowing the inspection of this evidence was exercising a sound discretion, and the Court of Appeals erred in reversing the judgment of conviction.

I therefore respectfully dissent.

BOULDIN and KNIGHT, JJ., concur.