165 So. 597

## CANTOR v. STATE.

### 6 Div. 855.

Court of Appeals of Alabama.

Feb. 4, 1936.

Winn & Winn, of Clayton, for appellant.

A. A. Carmichael, Atty Gen., for the State.

John T. Batten and Jas. Esdale, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This prosecution originated in the Jefferson county court of misdemeanors. It was begun upon affidavit, proper in form and substance, of one George Lamb, and the warrant issued thereon was made returnable to said court, as the law provides. The trial resulted in the conviction of the defendant, and judgment of conviction was accordingly entered. From said judgment the defendant took an appeal to the circuit court. In the circuit court, on appeal, he was tried upon the original affidavit, and of this appellant here complains, insisting there was no waiver of a solicitor's complaint, or statement, hence error to a reversal. In this connection section 3843 of the Code 1923, is cited, together with several decisions of this court and the Supreme Court in support of this contention. This point cannot avail the appellant in this case. The prosecution was for the offense of violating the prohibition laws of the state. The statute provides that all prosecutions for the violation of the prohibition laws may be begun by affidavit, and when begun by affidavit (in misdemeanor cases) the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun. Section 4646, Code 1923. The statute and the authorities cited above have no application to a case of this character; hence the insistence in this connection, as stated, cannot be sustained.

There was no error in refusing to defendant the general affirmative charges A, B, and D. The evidence in this case presented a jury question. It tended to show, without dispute, that this appellant, defendant below, was arrested on the occasion in question while driving a truck on the streets of the city of Birmingham, and that upon searching the truck, the defendant being the sole occupant thereof, the arresting officers found four 1-gallon cans of corn whisky under the seat of the truck where defendant was sitting. The foregoing facts, as stated, were without dispute on the trial below. The defendant testified "he did not know the whisky was under the seat." This conflict in the evidence made a jury question, and in the opinion of this court was ample to support the verdict of the jury and sustain the judgment of conviction. The weight or probative force of the evidence adduced was for the jury to determine, therefore the bona fides or truth of the following statement by the defendant, while testifying in his own behalf, was for the jury to decide. Defendant testified: "My name is Leon Cantor. When Mr. Kilpatrick stopped me in that truck, the truck belonging to my mother. I got the truck on that day on Morris avenue from my brother. I did not get the truck from my mother and drive it in town, my brother got it and I met my brother in town. When Mr. Kilpatrick stopped me I was going to the stock yard. I did not know the liquor was under the cab then. It was not my liquor; I did not own the liquor; did not have any interest in the liquor. My brother did not tell me the liquor was under there and the first time I learned there was any liquor under there was when Mr. Kilpatrick stopped me. My brother was to meet me and after I learned he had left I came

on in with Mr. Possit. My brother doesn't live at the same place I do."

■ Courts take judicial knowledge of the fact that corn whisky contains alcohol, and on the trial of this case there was no necessity for the state to offer evidence as to that fact. However, witness Kilpatrick was shown to have been, by the testimony, sufficiently qualified to testify that the whisky he found under the seat of the truck, as above stated, contained alcohol. The exceptions reserved to the court's rulings on the admission of this evidence are without merit.

■ The first exception reserved to the court's oral charge is not presented for our consideration. This attempted exception was improperly reserved as being descriptive only, and not the reservation and exception to a particular, exactly designated statement of the trial judge. The general rules of practice do not allow an exception by description of a subject treated by the court in an oral charge to the jury. The exception here attempted is as follows: "We want to except to that part of the charge that begins with 'You didn't make the law,' down through to that part of the charge where he charges on the presumption of innocence of the defendant."

■ Another statement in the oral charge to which an exception was reserved is as follows: "Then I want another exception to that part of the charge where the court charged the jury in substance, 'that he didn't know the liquor was there.'" The foregoing statement of the court, standing alone, would be difficult of interpretation and meaningless. But the rule is that an oral charge of the court must be taken and considered as a whole. Here, the full statement of the court in connection with the alleged objectionable excerpt was as follows:

"Now, Gentlemen of the Jury, it comes down to this. The State contends there was found four gallons of liquor in this defendant's truck down there; he was arrested by a deputy sheriff on 21st Street and 8th Avenue. He says he didn't know it was there. That is the entire testimony in the case.

"Now, you are the sole judges of this testimony. You find out what the truth is about this matter under your oath. Now, what is the truth? You have heard the witnesses here, and in considering the testimony of the witnesses, Gentlemen of the Jury, you are to take into consideration any interest the witness may have, any bias, prejudice or ill-will given under this testimony. You may look at the witness on the stand; look at the manner in which he gives his testimony and say whether or not he is telling the truth. If you find any witness has sworn willfully falsely to any material matter of his testimony, you may disregard the entire testimony and look for such other testimony as you may see fit in arriving at the truth, which will be reflected in your verdict.

"Now, Gentlemen of the Jury, it is your duty to reconcile all the testimony so as to make it speak the truth if you can. If you can't do that, you will have to take such testimony as you think you can rely upon in arriving at your verdict."

It will be noted from above the court merely stated the respective contentions involved upon the trial of this case. In this there was no error, and the purported exception must fail. It is true, appellant's counsel urges, "that the smile on the face of the judge was an inference on the part of the judge as to whether they should believe that testimony or not."

If able counsel for appellant is correct in the stated interpretation of the "smile of the judge," there can be no cause of complaint, for it was the duty of the judge to instruct the jury that it was their province to weigh and consider all the testimony adduced upon the trial and accord such probative force thereto which it was in their sound judgment entitled. And certainly in this case it was within the province of the jury to believe, or not, the statement of the defendant to the effect that he did not know the whisky found in his truck was there: Four 1-gallon cans of corn whisky under the seat of the truck, the defendant sitting upon that seat driving the truck, and no one on the truck but the defendant.

A smile upon the benign face of an upright just judge would be preferable by far to a scowl. Of course this court did not see the smile of the judge, but generally the value of a smile has been stated as follows: "It costs nothing but creates much. It enriches those who receive without impoverishing those who give. It happens in a flash and the memory of it sometimes lasts forever. None so rich he can get along without it, and none so poor but is richer for its benefits. It creates happiness in the home, fosters good will every-

where, and is the countersign of friends. It is rest to the weary, daylight to the discouraged and sunshine to the sad. . Yet it cannot be bought, begged or stolen for it is something that is no earthly good to anybody until it is given away. Nobody needs a smile so much as those who have none left to give."

We are cited our case of Dennison v. State, 17 Ala.App. 674, 88 So. 211, 213. The rule therein stated, applicable here, is to the effect: "The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state."

As stated on the trial of this case in the court below, the controlling question was one of fact. The jury alone were empowered to decide that question. They decided adversely to defendant. Upon the trial of this case no reversible error appears in any ruling of the court. The record also is without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.