181 So. 109

### WHITE v. STATE.

6 Div. 253.

Supreme Court of Alabama.

April 28, 1938.

Rehearing Denied May 19, 1938.

J. B. Ivey and Horace C. Wilkinson, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellant was indicted by a grand jury of Jefferson county for the offense of murder in the first degree, and upon trial under said indictment was convicted of murder in the second degree, and his punishment fixed by the jury at imprisonment in the penitentiary for a period of ninety-nine years. He was sentenced accordingly.

The appellant is represented in this court by counsel who has filed here a lengthy brief in support of contentions, that the trial court committed many errors to the prejudice of the appellant, which should work a reversal of the cause.

Many pages of appellant's brief deal with alleged improper and prejudical remarks of the solicitor in his closing argument to the jury. If the record

had disclosed that the remarks imputed to the solicitor had been, in fact, made by him in his argument to the jury, we might be inclined to hold that some transcended the bounds of legitimate argument, and were prejudicial. But the record does not support the argument or brief of counsel for the appellant in this respect. True, we find, but for the first and only time, a narration of these alleged prejudicial remarks in the motion filed by the defendant for a new trial. There is nothing in the bill of exceptions to support the grounds of the motion based on such remarks—nothing to show that the solicitor did in fact make such an argument to the jury—and no evidence was offered on the hearing to show that such remarks were made. The court on November 13, 1937, disposed of the motion in the following summary way: "Motion overruled and defendant excepts. Wheeler, J."

Hence we cannot predicate error on this action of the court, as respects this phase of the motion for a new trial. In all other respects the motion for new trial was without merit.

█ It is next insisted by appellant that the trial court committed reversible error in its oral charge, in "attempting to define deliberation and premeditation." The excepted to portion of the court's oral charge, in this respect, was: "but it may exist and may be entertained while the man slayer was grasping the knife with which the fatal stab was committed."

The above excerpt, though correct within itself, was not the entire definition given by the trial judge of "deliberation and premeditation." The court's full instruction to the jury on this phase of the law was: "Now, premeditation and deliberation are synonymous terms; they come to mean one and the same thing. And premeditation and deliberation, as elements of murder in the first degree, mean simply that the defendant, before he committed the fatal act, intended that he would commit the act at the time that he did, and that death would be the result of such act. Premeditation may have been entertained for only an instant of time before the stabbing. It may exist for only a moment before. It does not mean, by premeditation and deliberation, gentlemen, that a man who slays another must have pondered over the killing for a long time. It does not mean that he must have sat down and reflected over it or thought over it for any appreciable

length of time, but it may exist and may be entertained while the man slayer was grasping the knife with which the fatal stab was committed." Undoubtedly this was a correct instruction, and has been so held by this court in a number of cases. Daughdrill v. State, 113 Ala. 7, 21 So. 378; Hall v. State, 216 Ala. 336, 113 So. 64; Caldwell v. State, 203 Ala. 412, 84 So. 272; Cleveland v. State, 86 Ala. 1, 5 So. 426.

█ It is also insisted by the appellant that the trial court committed reversible error in the following portion of its oral charge: "but as a matter of fact, gentlemen of the jury, we know that all witnesses do not speak the truth."

When this exception was made, the court modified the statement by saying to the jury: "Gentlemen, it seems, from what the attorney says, that I made a little slip in saying that you should reconcile the testimony if you could reasonably do so, and told you that the law presumes the witnesses who testify in court will speak the truth; but I said we know, as a matter of experience, that all witnesses do not speak the truth. Of course I didn't mean that. What I meant was that we know, as a matter of fact, *that not* all witnesses speak the truth, that there are some witnesses who testify who do not speak the truth. That is what I meant. I didn't mean to say all witnesses do not speak the truth. That just explains that. Thank you for coming back, and I apologize to you." This modification and explanation were evidently satisfactory to the defendant, for no exception was reserved to the charge as thus modified. However, we do not wish to be understood as holding that there was any error in the instruction of the court, as first given. Read as a whole, without the modification, the charge was free from error in the particular there touched upon.

A few other supposed errors, relating to exclusion and admission of evidence, are discussed in appellant's brief, but they are so manifestly without merit as to require no detailed discussion.

The record has been carefully examined, and we find no reversible error. The indictment is in due form of law, and the arraignment and trial of the defendant were in all respects regular.

The evidence leaves no room to doubt the guilt of the defendant, certainly in the degree found by the jury.

126

It, therefore, follows that the judgment and sentence must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.