52 So.2d 186

## TOWNSELL v. STATE.
### 4 Div. 644.

Supreme Court of Alabama.
April 26, 1951.

John J. Martin, of Dothan, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

STAKELY, Justice.

The appellant John J. Townsell was indicted for murder in the first degree. He was tried on his pleas of not guilty and not guilty by reason of insanity. The jury returned a verdict of murder in the first degree and fixed the punishment at death. This appeal comes here under the automatic appeal statute.

The killing took place in the Townsell home which was on the Headland Road in Houston County. Shirley Mae Allday, the fourteen year old daughter of Dovie Lee Townsell, the deceased, testified in substance that she was awakened between 4:00 to 4:30 or 5:00 o'clock in the morning and heard her mother and stepfather fussing in the next room where they had been sleeping. He was fussing at her because she wouldn't get up and fix his breakfast and she said she would get up and leave him and he said she wouldn't. The witness had been sleeping in one bed in her room with her two younger sisters, the other bed in the room where she was sleeping being occupied by three little boys. The door between the room in which the children were sleeping and the room in which appellant and his wife were sleeping was open. The bed on which the witness was lying looked directly into the open doorway into the adjoining bedroom. She saw her mother approach the open doorway and the next thing there was a shot, her mother came a little further and there was another shot and her mother fell between the two beds in the room in which the witness was sleeping. She didn't see who fired the first shot but saw her stepfather fire the second shot. Both shots hit her mother in the head.

Immediately after her mother fell John Townsell came between the beds and started to beat the witness while she was still in the bed. She was beaten with the gun with the result that the gun broke in two. The witness jumped over her mother who was lying on the floor and went out of the house through the kitchen door. She saw the appellant come into the kitchen and reload the gun. He got in front of the oil stove and put it up to his chin and shot himself.

The testimony of Shirley Mae Allday was substantially corroborated by Fannie Lou Holland who was sleeping in the bed with her. Fannie Lou Holland was nine years old and was a daughter of the deceased.

When Ed Cherry, a policeman of the City of Dothan, accompanied by one Roney, an-

other policeman, were on their way to the Townsell home after the killing they first found the appellant in a yard off the highway. His chin was shot off and they got an ambulance to pick him up. He could not talk and so motioned for a pencil and wrote for the policeman to notify one John C. Powell. When they reached the Townsell home they found Shirley Mae Allday on the front porch with her arm broken. She testified to other bruises and cuts which she received. In the bedroom where the children slept they found the body of the deceased lying on the floor. She had been shot on both sides of her face and head apparently with a shot gun. They sent Shirley Mae Allday to the hospital in an ambulance.

Fred Johnson, owner and operator of a funeral home, came to the Townsell Home shortly after the shooting. In the bedroom where the children slept in addition to the body on the floor he found the stock of a gun and two empty shells. The barrel of the gun was found in the kitchen.

Albert Smith, witness for the state, testified that the defendant told him several weeks previous to the killing that he had drawn his gun to shoot her and that he wanted to "get shed" of her.

The defendant testified in his own behalf, stating that on the morning of the killing his wife was despondent and seized the gun in order to kill herself, that while he was attempting to take the gun away from her it discharged both barrels, resulting in her death. That he then went into the kitchen where he was attacked by Shirley Mae Allday with the shotgun and that in attempting to wrest the gun from her the stock was broken, the child injured and he was shot himself. He also claimed that the deceased had previously attempted to commit suicide.

After the defendant's arrest, on order of the court he was sent to Bryce's Hospital at Tuscaloosa for observation, where the commission found him sane both at the time of their observation and at the time of the killing.

Dr. W. T. Burkett treated the defendant while he was confined in jail for the septic condition brought about by the wound to his chin. According to him the defendant had no disease of the mind but at one period was mentally confused from the fever arising from the septic condition. Numerous lay witnesses, including the employer of defendant, his neighbors and acquaintances all testified to the defendant's sanity.

The defendant testified in a coherent manner on the stand and admitted that he was sane and knew what he was doing up until the time shortly before the officers found him in the road and sent him to the hospital. The gun with which the deceased was killed hung on some nails driven in the wall above the bed where the appellant and the deceased were sleeping.

I. It is contended that there was no evidence as to premeditation. There is no merit in this position. Shirley Mae Allday testified that the defendant had threatened her mother before the killing, had told her that he would kill her and had said that he wished she would die. Albert Smith testified that about four to six weeks prior to the killing the defendant told him that he had drawn a gun on his wife to shoot her and wanted to "get shed" of her. Testimony of the state tended to show that the defendant got the gun from the rack above the bed and then shot the deceased not only once but the second time. There was ample proof from which the jury could infer premeditation. Daughdrill v. State, 113 Ala. 7, 21 So. 378; Caldwell v. State, 203 Ala. 412, 84 So. 272; White v. State, 236 Ala. 124, 181 So. 109.

II. At the conclusion of the testimony of the defendant counsel for the defendant asked that the jury be permitted to go to the scene of the shooting and made a motion to that effect. The court overruled the motion stating that he didn't see that it would serve any useful purpose to go out there and observe the house in which the shooting occurred, further stating that he didn't recall any testimony in conflict with the testimony of the witnesses who testified with reference to the physical condition of the premises immediately after the occurrence. To this ruling the defendant excepted. There was no error in this respect. It is within the sound discretion of

498

the court as to whether the jury should be taken to the scene of the alleged crime. Brown v. State, 229 Ala. 58, 155 So. 358; Kilgore v. State, 19 Ala.App. 181, 95 So. 906. We see nothing in the evidence to show any abuse of discretion in this regard. After so ruling the court said: "I might say this to the jury that if you gentlemen are desirous to go, why I would endeavor to make arrangements to accommodate you. If you would like to go out and observe the place I would take the necessary steps to accommodate you but as to sending you out there, I deny that motion. I would like to have some expression from the jury either the one way or the other."

The solicitor then made the following observation: "The state at this time for the purpose of the record would like to make the observation that it has been 15 months since that killing took place, that there is no evidence that the condition of the house at this time is or would be the same as it was immediately after that killing and that no useful purpose at this time could be served by the jury or anyone else going to see its condition. I merely state that."

The court thereupon said: "That is in substance but a different phraseology of my observations. I am going to submit it to you gentlemen. Do you all want to go out there? All that do stand up." No one stood up. The court further said: "If any of you want to go out there and observe it, let it be known by standing on your feet." No one stood up and the court further said: "If you don't why remain seated." All the jury remained seated. The court further said: "I wouldn't hesitate to send the jury out to make an observation of the premises regarding this if there was any evidence in the case for the basis of it. Of course it would entail considerable arrangement and escort and so I decline to grant the motion."

█ There was no objection or exception to the remarks of the court or the solicitor. The automatic appeal act in the absence of objection and exception does not authorize us to review a matter of this kind. Haygood v. State, 252 Ala. 3, 38 So. 2d 593; Section 382(10), Title 15, Code of 1940 (Pocket Part).

▪█ But we see no prejudicial action in allowing the jury to determine whether it wished to view the scene of the crime. The purpose of the view is merely to enable the jurors to comprehend more clearly by the aid of visible objects the evidence before the court. McIntyre v. State, 26 Ala. App. 499, 163 So. 660, certiorari denied 231 Ala. 141, 163 So. 662. If there was no conflict in the evidence as to the appearance of the scene of the crime and there was none in this case, no harm was done just because the jury did not consider it helpful or advantageous to view the scene of the crime. Brown v. State, supra.

. █ We do not consider that the words of the court constitute a charge upon the effect of the testimony, but rather a statement to justify the action of the court within its discretion. But even if it be assumed that the words of the court constitute a charge upon the effect of the testimony, still there is no error. The statute, § 270, Title 7, Code of 1940, was never intended to abridge the original inherent power of courts to direct the attention of the jury to undisputed, admitted facts. Goff v. Sellers, 215 Ala. 489, 111 So. 210. The trial court is vested with discretion in the conduct of a trial and appellate courts will not interfere therewith unless it clearly appears that there has been an abuse of discretion. Cantor v. State, 27 Ala.App. 40, 165 So. 597; Dennison v. State, 17 Ala. App. 674, 88 So. 211.

We have considered not only questions raised by counsel but have examined the entire record and find no error therein. The judgment of the lower court must be affirmed.

Affirmed.

All the Justices concur.